IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ALLEN MOORE                                                                                          PLAINTIFF

v.                              Civil No. 4:24-CV-04078-BAB

OFFICER WEAVER, Hempstead County Detention Center,                    DEFENDANT.

**MEMORANDUM AND ORDER**

Plaintiff Allen Moore, a prisoner,[1] filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983, generally alleging that Defendant Officer Weaver used excessive force against him when he was incarcerated at the Hempstead County Detention Center ("HCDC"). *See* (ECF No. 1). Plaintiff proceeds *pro se* and *in forma pauperis*. *See* (ECF No. 3). All parties have consented to the jurisdiction of the undersigned magistrate judge to conduct all proceedings in this case and for the entry of judgment. *See* (ECF No. 13).

This matter is currently before the Court on Defendant's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies. (ECF No. 14). Plaintiff has filed a self-styled "Motion for Summary Judgment for Failure to Exhaust Administrative Remedies, Motion to Express Evidence, and Motion to Extention [sic]," which this Court primarily construes, for the reasons described below, as a response in opposition to Defendant's motion for summary judgment. *See* (ECF No. 18). The Defendant has filed a Reply. (ECF No. 22). Defendant's Summary Judgment Motion is therefore ripe for the Court's consideration. For the reasons

---

[1] Plaintiff was an inmate at the Hempstead County Detention Center during the events giving rise to his claims. *See* (ECF No. 1). He is now incarcerated at the East Arkansas Regional Unit, Arkansas Division of Correction ("EARU") in Marianna, Arkansas. *See* (ECF No. 26).

1

outlined below, Defendant's Motion for Summary Judgment is **GRANTED**. To the extent the Court construes Plaintiff's motion as a Motion for Summary Judgment, (ECF No. 18), that motion is **DENIED**.

## I. BACKGROUND[2]

Plaintiff's Complaint asserts one claim for relief: he contends that when he was detained at the HCDC on a parole violation, Defendant Weaver placed him against the wall on May 22, 2024, while yelling, "I'm going to choke you out," and then put him in a choke hold from behind. (ECF No. 1). According to Plaintiff, he bit Defendant Weaver's arm in self-defense and defecated on himself in front of others before passing out, causing him embarrassment. *Id.* Plaintiff says that the choke hold was unnecessary. *Id.* He requests monetary damages and Defendant Weaver's resignation. *Id.*

Because Plaintiff is a prisoner and the events giving rise to his claims concern his imprisonment, his Complaint was subject to preservice review pursuant to 28 U.S.C. § 1915A(a). Upon that review, this Court ordered that the Complaint be served on the Defendant. (ECF No. 6). After Defendant filed an Answer, this Court ordered Defendant to either file a motion for summary judgment on the issue of whether Plaintiff properly exhausted his administrative remedies before initiating this matter in accordance with 42 U.S.C. § 1997e(a) by November 12, 2024, or promptly file a notice with the Court informing the parties that Defendant did not intend to rely on the defense of exhaustion at trial. (ECF No. 11). This Court also ordered that discovery be stayed pending the outcome of the exhaustion issue. *Id.*

---

[2] This section does not endeavor to describe every docket entry, only those relevant to the Court's consideration of the Defendant's Motion for Summary Judgment.

On October 1, 2024, upon receipt of the signed consent of all parties, this Court entered an Order of Reference, directing that in accordance with their consent, this matter is to remain assigned to the undersigned magistrate judge for all proceedings and for the entry of judgment. (ECF No. 13). Later, Defendants filed a Motion for Summary Judgment for Failure to Exhaust Administrative Remedies, including a memorandum, statement of facts, and four exhibits in support, arguing that Plaintiff failed to submit any grievance in accordance with the HCDC grievance procedure regarding his excessive force claim. (ECF Nos. 14-16). The next day, this Court ordered Plaintiff to respond to Defendant's motion and provided instructions on how to respond. (ECF No. 17). In response, Plaintiff filed a self-styled "Motion for Summary Judgment for Failure to Exhaust Administrative Remedies, Motion to Express Evidence, and Motion to Extention [sic]," arguing, in large part, that the alleged incident of excessive force led to criminal charges being brought against him even though he was the victim, and that he could not file a grievance at the HCDC because jail officials would not (or did not) clear his past grievances, so he filed a grievance when he was transferred to the Nevada County Detention Center.[3] (ECF No. 18). Defendant subsequently filed a Reply, arguing that Plaintiff could have deleted past grievances on the kiosk system, which would have then allowed him to file a grievance about the excessive force incident. (ECF No. 22). Defendant points out that Plaintiff did, in fact, delete a grievance from 2020, which would have then allowed him to submit a grievance about the alleged excessive force incident, but he did not do so. *Id.*

---

[3] Plaintiff's response "Motion" is neither sworn under penalty of perjury, nor notarized. *See* (ECF No. 18).

3

## II.     LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party." *Ward v. Olson*, 939 F. Supp. 2d 956, 961 (D. Minn. 2013) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). A fact is material only when its resolution would affect the outcome of a case. *Anderson*, 477 U.S. at 248.

Further, the moving party bears the initial burden of identifying "those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Jackson v. United Parcel Serv., Inc.*, 643 F.3d 1081, 1085 (8th Cir. 2001). In response, the non-moving party "may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial." *Forrest v. Kraft Foods, Inc.*, 285 F.3d 688, 691 (8th Cir. 2002). In considering a summary judgment motion, the Court views all the evidence and inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255.

## III.     FACTS

This Court, then, must first identify the facts in the record before addressing whether there is a material fact dispute that precludes summary judgment.

**A.**     **Plaintiff's Evidence**

As noted above, in response to Defendant's Motion for Summary Judgment, Plaintiff submitted a document entitled, "Motion for Summary Judgment for Failure to Exhaust Administrative Remedies, Motion to Express Evidence, Motion to Extention [sic]," (ECF No 18), a copy of the grievance he submitted while detained at the NCDC, and documents from his

4

Hempstead County criminal case showing that he was charged with battery and aggravated assault for biting Defendant Weaver following the purported use of force incident, including pictures of what seems to be Defendant Weaver's hand, the affidavit for warrant of arrest, police reports, the State's Motion for Discovery and Response to Motion for Discovery, and the Criminal Information charging document. *See* (ECF No. 19).

On summary judgment, the Court may only consider evidence that would be admissible. *See Firemen's Fund Insurance Co. v. Thien*, 8 F.3d 1307, 1310 (8th Cir. 1993); Fed. R. Civ. P. 56(c)(4). Plaintiff's Motion is not signed under penalty of perjury or notarized. *See* (ECF No. 18). Accordingly, this Court construes Plaintiff's Motion as argument in opposition to Defendant's Motion for Summary Judgment, not an affidavit of fact. *See* Fed. R. Civ. P. 56(c)(4); *see also Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (concluding that court was authorized to exclude unsigned affidavits in considering its summary judgment motion). To be sure, Plaintiff's verified Complaint "is the equivalent of an affidavit for purposes of summary judgment." *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 994 (8th Cir. 2001). But, in this case, Plaintiff's verified Complaint asserts no facts concerning the issue on summary judgment— namely, whether he properly exhausted his administrative remedies before initiating this matter. The facts alleged in Plaintiff's Complaint, therefore, are not material to the Court's analysis of Defendant's Motion for Summary Judgment.

Further, while the police reports Plaintiff identifies *could* potentially be admissible under some exception to the rule against hearsay, *see, e.g.*, Fed. R. Evid. 803, these records are also not material to the question of whether Plaintiff properly exhausted his administrative remedies before initiating this action—the only question currently before the Court. Similarly, the Court may take

5

judicial notice of state court records, including Plaintiff's state criminal proceedings, *see Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005), but, again, the state criminal case brought against Plaintiff for purportedly biting Defendant Weaver following the use of force incident is not material to the question of whether Plaintiff properly exhausted his administrative remedies. Accordingly, in determining whether there is a fact dispute that precludes summary judgment this Court considers the grievance Plaintiff submitted while detained at the Nevada County Detention Center regarding the alleged excessive force incident at issue here, (ECF No. 19, p. 1).

**B.      Defendant's Evidence**

For his part, Defendant has submitted evidence concerning Plaintiff's incarceration at the HCDC during the events giving rise to the alleged use of force incident, including Plaintiff's booking sheet, (ECF No. 16-2); Plaintiff's electronic medical requests he submitted during his incarceration, (ECF Nos. 16-3 & 22-2); and an excerpt from the HCDC policies and procedures manual describing the HCDC grievance procedure, (ECF No. 16-4), along with signed affidavits from James Singleton, an HCDC official responsible for maintaining HCDC records, (ECF No. 16-1), and Captain James Wise, the HCDC Jail Administrator, who is also responsible for maintaining HCDC records, *see* (ECF No. 22-1).   Plaintiff does not assert any evidence disputing these facts.  This Court, therefore, considers the evidence presented by the Defendants as undisputed.  *See* Fed. R. Civ. P. 56(e)(2).

**C.      Undisputed Material Facts**

Considering this record, the following facts are not in dispute: Plaintiff was incarcerated at the HCDC from May 16, 2024, to July 2, 2024.  (ECF No. 16-2).   The Hempstead County Detention Facility Policies and Procedures Manual contains a provision on grievances.   (ECF No.

16-4, p. 1). That provision provides, in relevant part:

> A. A grievance shall be made in the form of a written statement by the inmate promptly following the incident, sealed in an unstamped envelope and addressed to the Facility Administrator. Such statement shall be transmitted by a detention officer or staff member to whom the grievance is given.
>
> B. The grievance shall state fully the time, date and names of those detention officers and/or staff members involved, and pertinent details of the incident including the names of any witnesses.

*Id.*

Further, while Plaintiff was detained at the HCDC from May 16, 2024, to July 2, 2024, he filed no grievances electronically asserting that excessive force was used against him on May 22, 2024. *See* (ECF No. 16-3). But Plaintiff filed medical requests electronically during this time. *Id.* Plaintiff's electronic grievances reflect that on or about June 6, 2025, he deleted an electronic grievance he had originally submitted in 2020. *See* (ECF No. 22-2, pp. 4-5). Later, when Plaintiff was incarcerated at the Nevada County Detention Center, he submitted a grievance on (or about) July 19, 2024, concerning the alleged May 22, 2024, excessive force incident at the HCDC involving Defendant Weaver. (ECF No. 19, p. 1).

## IV.   ANALYSIS

When a prisoner initiates a civil action over the conditions of his confinement, 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act (PLRA) requires the prisoner to exhaust his administrative remedies before filing suit. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 733 (2001) (explaining that 42 U.S.C. § 1997e(a) "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions."). This requirement is mandatory. *See Chelette v. Harris*, 229 F.3d 684, 687 (8th Cir. 2000).

7

In determining whether a prisoner has first exhausted his administrative remedies, courts look to the prison's grievance procedure. *Abdul-Muhammad v. Kempker*, 486 F.3d 444, 446 (8th Cir. 2007) (citing *Jones v. Bock*, 549 U.S. 199 (2007)). "[T]he degree of specificity required in a prison grievance 'will vary from system to system and claim to claim, but it is the prison's *requirements*, and not that PLRA, that define the boundaries of proper exhaustion.'" *Id.* (quoting *Jones*, 549 U.S. at 218)) (emphasis added). Thus, to satisfy Section 1997e(a)'s exhaustion requirement, inmates must file grievances in accordance with the institution's policies and procedures. *Washington v. Uner*, 273 F. App'x 575, 577 (8th Cir. 2008) (citing *Woodford v. Ngo*, 548 U.S. 81, 91-92 (2006)).

### A.  Plaintiff Did Not Satisfy the HCDC Grievance Procedure

In this case, Plaintiff plainly did not satisfy the HCDC grievance procedure. That procedure, as written, requires inmates to submit a "written statement [] promptly following the incident, sealed in an unstamped envelope and addressed to the Facility Administrator." (ECF No. 16-4, p. 1). Plaintiff did not do this. Although it appears that he submitted a written grievance about the excessive force incident while detained at the Nevada County Detention Center, he does not claim (and he asserts no facts to suggest) that he submitted this grievance (or any other written grievance) to the HCDC Facility Administrator pursuant to HCDC policy. *See* (ECF No. 19, p. 1). In any event, even if he had, the HCDC grievance policy applies to an "inmate," *see* (ECF No. 16-4), and it is undisputed that he did not submit this grievance when he was an HCDC inmate.

Furthermore, while it seems that notwithstanding its written policy, the HCDC *also* accepts grievances submitted electronically on its kiosk system, *see* (ECF No. 16-3), it is undisputed that

8

Plaintiff did not do this, either. Indeed, none of the kiosk submissions submitted by the Defendant in support of his motion for summary judgment concern the alleged use of force incident from May 22, 2024. *See* (ECF No. 16-3). Plaintiff, moreover, asserts no facts establishing that he submitted a grievance either electronically on the kiosk or in writing while detained at the HCDC that the Defendant did *not* include as an exhibit in support of his motion for summary judgment. *See* (ECF Nos. 18-19). Accordingly, this Court finds that the electronic kiosk submissions that Defendant submitted in support of his motion for summary judgment constitute the closed universe of grievances Plaintiff submitted (either electronically or in writing) while detained at the HCDC, and, more to the point, none of these grievances concern the alleged use of excessive force incident on May 22, 2024. It is therefore undisputed that Plaintiff failed to initiate a grievance (let alone exhaust his administrative remedies) about the alleged use of force incident on May 22, 2024, in accordance with HCDC policy before filing this action.

**B.     "As Available"**

Finding that Plaintiff failed to exhaust his administrative remedies does not end the Court's analysis. "Under [42 U.S.C. § 1997e(a)], the exhaustion requirement hinges on the 'availability' of administrative remedies. An inmate must exhaust available remedies but need not exhaust unavailable ones." *Smith v. Andrews*, 75 F.4th 805, 808-09 (8th Cir. 2023) (internal omitted) (cleaned up).

"[A]dministrative remedies are 'unavailable' to an inmate under [section 1997e(a)] when (1) the inmate was unable to file a timely grievance due to physical or mental incapacity; and (2) the administrative system's rules do not accommodate the condition by allowing a late filing." *Id.* at 809 (citations omitted) (listing cases). Further, the Supreme Court has recognized "three

9

kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." *Ross v. Blake*, 578 U.S. 632, 643 (2016). First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id*. Second, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." *Id*. Finally, an administrative procedure is unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 644.

Here, Plaintiff seems to rely on this textual exception to the exhaustion requirement, arguing that the HCDC kiosk system would not allow him to add another grievance unless other grievances were deleted, but jail officials would not (or could not) delete his earlier grievances. *See* (ECF No. 19). The fundamental problem with this argument is that it lacks factual support.

As noted above, Plaintiff's argument is not evidence and Plaintiff asserts no evidence suggesting that he could not submit an electronic grievance regarding the May 22, 2024, excessive force incident because the kiosk system sets a limit on the number of grievances an inmate could submit, he had reached that limit, and he could not (on his own) delete previous grievances to allow him to add a new grievance. *See* (ECF No. 19). By contrast, even if it is true that the HCDC kiosk system limits the number of grievances an inmate can submit, the Defendant has submitted evidence undermining Plaintiff's assertion that jail officials need to delete previous grievances to make room for new ones. Indeed, Defendant's Reply includes evidence showing that on June 6, 2024, less than one month after the excessive force incident, Plaintiff, himself, deleted his grievance from November 13, 2020. *See* (ECF No. 22-2, p. 5). Accordingly, even if

the HCDC kiosk system prevented him from a grievance immediately after the May 22, 2024, excessive force incident because he had reached his limit on the number of grievances he could submit (and, again, this is a big "if" because there is no evidence to support this contention), then he could have submitted a grievance about the May 22, 2024, excessive force incident after he, himself, deleted his grievance from 2020 on June 6, 2024.

Notably, moreover, Plaintiff's argument (and the Defendant's Reply) ignores the fact that the HCDC grievance procedure plainly allows for inmates to submit a grievance in the form of a "written statement . . . sealed in an unstamped envelope and addressed to the Facility Administrator," (ECF No. 16-4), describing their grievance. Plaintiff asserts no evidence establishing that this procedure (writing a statement to the facility administrator in a sealed envelope) was unavailable to him for any reason. Accordingly, this Court finds that the HCDC grievance procedure was available to Plaintiff, he simply did not avail himself to it.

Accordingly, for the reasons described above, Defendant's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies, (ECF No. 14), is **GRANTED**.

**C.      Plaintiff's Motion for Summary Judgment**

One final matter requires some discussion. Up until this point, this Court has construed Plaintiff's self-styled "Motion for Summary Judgment for Failure to Exhaust Administrative Remedies, Motion to Express Evidence, Motion to Extention [sic]," (ECF No. 18), as a response to Defendant's Motion for Summary Judgment. To the extent that Plaintiff intended for this motion to be construed as a standalone motion for summary judgment, it is nevertheless denied as moot.

Setting aside questions about procedure,[4] the fundamental problem with Plaintiff's motion for summary judgment, construed as such, is that the Court specifically instructed the parties that the only issue for summary judgment at this stage of the proceedings is whether Plaintiff properly exhausted his administrative remedies with respect to his claim pursuant to 42 U.S.C. § 1997e(a). (ECF No. 11). Save Plaintiff's assertion that he could not submit a grievance while detained at the HCDC, Plaintiff's motion is devoted to the merits of his claim, namely, that Defendant Weaver provided false statements to police about the incident and that he was wrongly charged with assault against Defendant Weaver. *See* (ECF No. 18). Federal courts, however, do not reach summary judgment on the merits if the court finds that the plaintiff did not properly exhaust his administrative remedies with respect to his claims. *See Barbee v. Correctional Medical Servs.*, 394 F. App'x 337, 338 (8th Cir. 2010) (dismissal without prejudice is required where plaintiff failed to exhaust his administrative remedies). Here, for the reasons described above, the Court finds that Plaintiff failed to exhaust his administrative remedies before initiating this action, Plaintiff's Motion for Summary Judgment, construed as such, is therefore **DENIED** as **MOOT**.

### V.  CONCLUSION

For the reasons and upon the authorities discussed above, Defendant's Motion for

---

[4] The Local Rules provide that "[a]ny party moving for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, shall annex to the notice of motion a separate, short and concise statement of the material facts as to which it contends there is no genuine dispute to be tried," *see* Local Rule 56.1, and Local Rule 7.2 requires a motion for summary judgment to be "accompanied by a brief consisting of a concise statement of relevant facts and applicable law," Local Rule 7.2(a). Plaintiff's Motion for Summary Judgment contains neither. Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Accordingly, Plaintiff's motion for summary judgment could also be subject to dismissal for failure to comply with the Local Rules.

Summary Judgment for Failure to Exhaust Administrative Remedies (ECF No. 14) is **GRANTED** and that this case is **DISMISSED WITHOUT PREJUDICE**; Plaintiff's Motion for Summary Judgment (ECF No. 18), construed as such, is therefore **DENIED as MOOT**.

DATED this 17th day of April 2025.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE